IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RICHARD K. KAVELER,**

    **Plaintiff,**

v.

**U.S. BANCORP INSURANCE SERVICE, LLC,**

    **Defendant.**                           Case No. 06-cv-04-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Before the Court are several Motions in Limine, filed by Defendant (Docs. 29, 30, 31 & 33), to which Plaintiff has responded (Doc. 37). Each motion will be separately addressed by the Court, in turn.

1. **Plaintiff's Letter**

Defendant first makes a Motion in Limine to Exclude Plaintiff's letter[1] (Doc. 29), in that it does not constitute a "complaint" for the purposes of alleging a claim of retaliation. Instead, Defendant believes introduction of this letter lacks

---

[1] This letter, attached to the instant Motion in Limine and labeled "Defendant's Deposition Exhibit #20," was written by Plaintiff to his supervisor, John Falk, in mid-January 2005, in response to Plaintiff's 2005 Action Plan. The letter questions the alleged disparity of Defendant's treatment between Plaintiff and his co-worker, Danielle Rolfes, as well as the characterization of Plaintiff's 2004 work performance as inadequate. The statement in the letter at issue in this Motion reads: "Frankly, I am concerned that factors other than 'performance issues' are inappropriately being considered. I think that it is vital that similarly situated employees be treated equally" *(see* Doc. 22, pp. 15-16).

probative value and would mislead the jury. Therefore, Defendant seeks an order barring Plaintiff from referring to, admitting or mentioning this letter (*Id.*, p. 1, citing **FED. R. EVID. 401**). Alternatively, Defendant seeks an order barring Plaintiff, Plaintiff's counsel and other witnesses from referring to the letter as a "complaint" (*Id.* at 3). In response, Plaintiff states that the Court has already ruled upon this issue in its Order (Doc. 22) denying Defendant's Motion for Summary Judgment. Accordingly, Plaintiff believes this is the law of the case and Defendant's Motion should be denied as moot.

In its Order regarding this letter, the Court considered similar arguments from Defendant, finding that the letter went beyond merely complaining in general terms of discrimination or harassment. In particular, the Court stated:

> [I]t [is] fairly obvious that the statement at issue in Plaintiff's letter referred to his suspicions that Defendant discriminated against him the in the workplace based on his age. Certainly then, a reasonable juror could find likewise . . . . Even though Defendant documented its concerns regarding Plaintiff's work performance, as stated in his 2005 Action Plan, *prior* to receiving Plaintiff's letter, if Plaintiff prevails on his age discrimination claims, there is also a possibility a reasonable juror could find Plaintiff's letter further added to Defendant's underlying motivation to terminate him.

(Doc. 22, pp. 17-18.)

Defendant's Motion (Doc. 29) is **DENIED** based on the Court's prior rationale regarding the letter. The effect of the letter may rightfully be considered by the jury as a complaint, but it clearly is a factual determination.

## 2. Emotional Distress and Punitive Damages

Defendant next makes a motion in limine to exclude any mention, reference to, interrogation concerning, argument or evidence of Plaintiff's emotional distress or punitive damages (Doc. 30). As grounds, Defendant asserts that federal law does not allow Plaintiff to seek either punitive damages or damages for emotional distress for his age discrimination claim. Therefore, Defendant seeks to bar evidence regarding Plaintiff's emotional distress or mental anguish. Plaintiff, in response, agrees with Defendant's general assessment of what types of damages the federal Age Discrimination in Employment Act ("ADEA") allows, but asserts that punitive and emotional distress damages *are* allowed for an age discrimination claim brought pursuant to the Missouri Human Rights Act ("MHRA"). **MO. REV. STAT. 213.010-213.095**. The Court agrees. Therefore, it **GRANTS IN PART AND DENIES IN PART** Defendant's Motion in Limine to Exclude Evidence of Emotional Distress and Punitive Damages (Doc. 30). Specifically, Plaintiff may not seek these damages for his claims under the ADEA (Counts I and II), but may seek them for his claims under the MHRA (Counts III and IV). ***See Brady v. Curators of Univ. of Mo.*, 213 S.W.3d 101, 112-13 (Mo. Ct. App. 2006) (MHRA allows claimant to seek punitive damages);** ***Conway v. Mo. Comm'n on Human Rights*, 7 S.W.3d 571, 575 (Mo. Ct. App. 1999) ("[A]ctual damages in civil rights cases may include damages for deprivation of civil rights, emotional distress and humiliation" and requirement that emotional distress recoverable as damages only if medically diagnosable or**

**sufficient severity to be medically significant is not applicable "to claims for violations of the Missouri civil rights laws.") (citing *Biggs v. Mo. Comm'n on Human Rights*, 830 S.W.2d 512 (Mo. App. Ct. 1992); *Comm'n on Human Rights v. Red Dragon Restaurant, Inc.*, 991 S.W.2d 161, 170-71 (Mo. App. Ct. 1999)); *see also Stolzenburg v. Ford Motor Co.*, 143 F.3d 402, 406-07 (8th Cir. 1998) (to award punitive damages under Missouri law, Plaintiff must produce evidence of conduct that shocks the conscience).**

3. **Performance of Plaintiff's Coworker, Danielle Rolfes**

Defendant's third Motion in Limine seeks to bar Plaintiff from introducing evidence that Plaintiff's former coworker, Danielle Rolfes, or any other Insurance Specialist, had performance deficiencies subsequent to Plaintiff's termination, thereby indicating Defendant's age discrimination towards Plaintiff (Doc. 31). Defendant argues that such evidence would be irrelevant and unduly prejudicial (*Id.*, citing **FED. R. EVID. 401, 402 & 403;** *Cullen v. Olin Corp.*, **195 F.3d 317. 324 (7th Cir. 1999) (evidence of employee performance after the plaintiff was terminated or allegedly discriminated against is not admissible as, at the time, the employer could not have been motivated by knowledge it did not yet possess)**). Likewise, Defendant believes evidence of Rolfes' subsequent performance would not be probative of Defendant's state of mind at the time it allegedly discriminated or retaliated against Plaintiff.

In response, Plaintiff states that this type of "post-dismissal"

performance "is not the sort of evidence that a motion in limine can appropriately address" (Doc. 37, p. 1). Instead, Plaintiff believes that as the evidence during trial develops, this particular evidence may become probative and thus, admissible. For example, Plaintiff proffers that if the evidence shows that Defendant permitted Rolfes' shortcomings (pre or post-dismissal) to continue without a similar type of disciplinary recourse that Plaintiff received, this may show there existed a discriminatory "double standard." Plaintiff further believes that the existence of a double standard working against older employees and in favor of younger employees, is, by itself, sufficient to be deemed probative, regardless of whether it preceded or followed the Plaintiff's termination.

The Court agrees with the Defendant, post-dismissal evidence cannot demonstrate the employer's motivation relative to the Plaintiff and is, therefore, irrelevant. Defendant's Motion (Doc. 31) is **GRANTED**.

4. <u>Front Pay</u>

Defendant's final Motion in Limine seeks to bar mention, reference, questioning concerning, argument or other evidence of Plaintiff's damages concerning front pay (Doc. 33), as Defendant believes front pay is not an issue that should be put before the jury. Instead, Defendant asserts that Seventh Circuit law finds that the determination of the amount of front pay to award, if any, is an equitable issue for the Court (*Id*., citing ***Fortino v. Quasar Co.*, 950 F.2d 389, 398 (7th Cir. 1991);** ***Price v. Marshall Erdman & Assocs.*, 966 F.2d 320, 324 (7th Cir. 1992)**).

Plaintiff concedes that front pay is an issue for the Court, deferring to its expertise on how to exactly handle the issue, as he notes "it may be impossible, or at least extremely inefficient, to attempt to divide evidence and testimony as to front pay from the evidence of back wages/back pay" (Doc. 37, p. 1).

Defendant's Motion (Doc. 33) is **GRANTED**.  The Court has not yet seen trial counsel perplexed by the concept and learned Plaintiff's counsel likely will not have difficulty keeping front pay separate either.

**IT IS SO ORDERED**.

Signed this 12th day of June 2008.

/s/     *David R Herndon*

**Chief Judge**
**United States District Court**